UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES E. FERGUSON,

        Plaintiff,

  v.                                                           Case No. 17-CV-74-pp

CITY OF MILWAUKEE,
*Special Counsel Lynn Adelman Law Firm,*
STATE OF WISCONSIN CRIMINAL JUSTICE DEPT.,
*Robert Warren,*
UNITED STATES ATTORNEY GENERAL,
*Assistance J. P. Stadtmueller,*
STATE OF WISCONSIN,
*Milw. Co. Prosecutor Assistance Charles Clevert,* and
RICHARD NIXION,
*President, U.S.*

        Defendants.

---

**ORDER DISMISSING CASE FOR LACK OF DILIGENCE, AND DENYING AS MOOT THE PLAINTIFF'S MOTION TO CONSOLIDATE CASES (DKT. NO. 6) AND FOR A THREE JUDGE PANEL TO ADJUDGE THE WIS. STAT. §62.12(G) UNCONSTITUTIONAL (DKT. NO. 7)**

---

On January 18, 2017, the plaintiff filed a *pro se* complaint against the "City of Milwaukee Special Counsel (Lynn Adelman) Law Firm, State of Wisconsin Criminal Justice Dept. (Robert W. Warren), United States Attorney General Assistance, (J.P. Stadtmueller), State of Wisconsin Milw Co Prosecutor Assistance (Charles Clevert) Richard Nixion, President, U.S." Dkt. No. 1 at 1. The next day, the Clerk's Office wrote to the plaintiff, explaining that he must pay the $400 fee for filing a civil case (or file a request to proceed in district court without prepaying the filing fee), and that he must complete and submit

the magistrate judge consent/refusal form with twenty-one days of the date of the letter. Dkt. No. 2. In the seven months since the clerk's office sent out that letter, the plaintiff has not paid the filing fee or filed the magistrate judge consent/refusal form. United States District Judges Lynn Adelman and J.P. Statdmueller have recused themselves, given that the plaintiff named them as defendants. Dkt. Nos. 3 and 4.

The plaintiff has filed over thirteen cases in this district. On July 18, 2016, he filed a case against the State of Wisconsin, City of Milwaukee, the Adelman Law Firm and other defendants, alleging, among other things, that the Adelman Law Firm was somehow involved in the death of his brother. Charles E. Ferguson v. State of Wisconsin, *et al.*, Case No. 16-cv-933 (E.D. Wis. 2016). In dismissing what he called a "stream of consciousness" complaint, Judge Stadtmueller commented that the complaint bordered on fantasy and failed to state a viable federal claim. Dkt. No. 6 at 3-6.

In his pending complaint, the plaintiff similarly refers to his brother's death, but also alleges that former U.S. prosecutor (now, as the plaintiff knows, U.S. District Judge) J. P. Stadtmueller, Lynn Adelman (also a federal judge), Charles Clevert, and Robert Warren (a now-deceased federal judge), while working for the Nixon administration, either burglarized Watergate or seized documentation under Nixon on "black number runners and bookies." Dkt. No. 1 at 1, 4. According to the plaintiff, the court may exercise jurisdiction over "negroid Native American Hamites Tribes of Maya descent as an existing nation inner-related to 800 Indian tribes." Dkt. No. 1 at 2. The plaintiff's first claim

2

alleges that the United States caused the Hamite victimization in this country based on the Nixon administration's war on drugs. Dkt. No. 1 at 3-4. As part of this claim, the plaintiff alleges that Judge Adelman offered an unnamed convict money to kill the plaintiff's brother or "Pee Wee Ferguson the Mater Kingpin Gambler and Lotter Broker." Id. Counts Two through Eight similarly allege wrongful death and crimes against the "Hamite lottery bookers" by Judges Adelman and Stadtmueller, and by former Judges Clevert and Warren. Id. at 5-9. The plaintiff seeks 66.66% of all cash lottery income generated by every state in the United States, the impeachments of all federal judges in Milwaukee accused of cover-ups and the assassination of Pee Ferguson and prosecutions for bribery, and $15,000,000. Dkt. No. 1 at 9.

On January 30, 2017, the plaintiff filed motions (1) to consolidate the pending case with five prior, closed cases dismissed by Judges Stadtmueller and Clevert (dkt. no. 6), and (2) for a three-judge panel to adjudge the constitutionality of Wis. Stat. §62.12(g) and "any Wisconsin statutes that authorized Pat Lucey to vacate his post as Governor of Wisconsin and take up an ambassador of Mexico in 1977 in the year of the murder and seizure of Ferguson's properties and secrets of operation of his black lottery . . . ," dkt. no. 7. He has filed no other documents since.

Although the plaintiff seeks the impeachment of federal judges in this district, there are no allegations which would require this court to recuse. The plaintiff has not paid the filing fee or requested leave to proceed without prepayment of the fee, nor has he filed the magistrate judge consent/refusal

3

form. See Dkt. No. 2. Under Rule 41(c) of the Eastern District of Wisconsin's Civil Local Rules, a court may enter an order of dismissal whenever it appears that a plaintiff is not diligently prosecuting the action.

The court **DENIES** the plaintiff's motion to consolidate this case with five closed cases. Dkt. No. 6. The court **DENIES** the plaintiff's motion for a three-judge panel to declare Wis. Stat. §62 unconstitutional. Dkt. No. 7. The court **DISMISSES** this case for lack of diligence.

Dated in Milwaukee, Wisconsin this 23rd day of August, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**