UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES E. FERGUSON,

        Plaintiff,

v.                               Case No. 17-cv-74-pp

CITY OF MILWAUKEE,
*Special Counsel Lynn Adelman*;
STATE OF WISCONSIN CRIMINAL JUSTICE DEPT.,
*Robert Warren*;
UNITED STATES ATTORNEY GENERAL,
*Assistance J.P. Stadtmueller*;
STATE OF WISCONSIN,
*Milw. Co. Prosecutor Assistance Charles Clevert*; and
RICHARD NIXION, *President, U.S.*;

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER (DKT. NO. 10)**

The court dismissed this case on August 23, 2017 for lack of diligence. Dkt. No. 8. On September 12, 2017, the plaintiff filed a three-page motion for reconsideration, and attached a twelve-page appendix. Dkt. Nos. 10, 10-1. Because the plaintiff has not identified a manifest error of law or fact, or presented newly discovered evidence that was not previously available, the court will deny the motion.

**I.    Plaintiff's Motion to Reconsider (Dkt. No. 10)**

The Federal Rules of Civil Procedure do not expressly mention, or allow, motions to "reconsider." Fed. R. Civ. P. 59(e), however, allows a plaintiff to file a motion to alter or amend a judgment no later than twenty-eight days after the

1

entry of that judgment. A Rule 59(e) motion serves the limited function of allowing a court to correct manifest errors of law or fact or to consider newly-discovered evidence. See Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1996). "Relief pursuant to a motion to reconsider is an 'extraordinary remed[y] reserved for the exceptional case.'" Foster v. DeLuca, 545 F.3d 582, 584 (7th Cir. 2008).

The plaintiff filed his motion to reconsider within twenty-eight days of the date the court entered judgment; the court finds that his motion is timely. But the motion does not meet the standard required for a court to grant a Rule 59(e) motion. Rule 59(e) permits a court to amend a judgment or order if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins., 224 F.3d 601, 606 (7th Cir. 2000). To succeed on a Rule 59(e) motion, the movant must "clearly establish" that these requirements have been met. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006).

The plaintiff's Rule 59(e) motion does not mention this court's August 23, 2017 order dismissing his case. The motion discusses the plaintiff's brother's wrongful death, and refers to various unnamed "judges accused of being envoled [sic] in the wrongful Deaths that dismissed the cases to cover-up Evidence against the perpritrators [sic] of a charge that can be brought again and again against all and or additional Defendants." Dkt. No. 10 at 1. The plaintiff then explains that in October of 2016, case number 16-cv-933 "was

dismissed without prejudice." Id. at 2. He says that on January 18, 2017, he filed a "supersedeas complaint"—the court believes the plaintiff means a "superseding" complaint—in that case. He asserts that the clerk's office did not have the authority to change the case number in that case from 16-cv-933 to 17-cv-74 (the case number assigned to this case), or to assign the case back to Judges Adelman and Stadtmueller. Under the section of the motion titled "Legal Argument," the plaintiff argues that a court has the ability to allow a plaintiff to amend his complaint even after it has dismissed the case. Id. at 2. He indicates that he had a right to amend the complaint in case number 16-cv-933 within ninety days of its dismissal, without being required to file a $400 filing fee. Id. He asserts that this court's dismissal of the current case—17-cv-74—does not apply to case number 16-cv-933, which he says was dismissed by Judge Stadtmueller and then reopened. Id.

As far as this court can tell, here is what happened: On July 18, 2016, the plaintiff filed a lawsuit against nineteen defendants, including the City of Milwaukee, the Common Council, the Adelman Law Firm, the Milwaukee County Executive and the Department of Corrections. Ferguson v. State of Wisconsin, *et al.*, 16-cv-933, dkt. no. 1. The case was assigned to Judge J.P. Stadtmueller. On October 26, 2016, Judge Stadtmueller dismissed the case for failure to state a claim. Id. at dkt. no. 6.

Three months later, on January 18, 2017, the plaintiff filed a document that he called "Supercedes: Civil Rights Complaint." Ferguson v. County of Milwaukee, *et al.*, 17-cv-74, dkt. no. 1. He put the case number 16-cv-933 on

3

the first page of that document. Id. The document named defendants that the plaintiff had not named in his July 2016 complaint—including Robert W. Warren, J.P. Stadtmueller, Charles Clevert and Richard Nixion [sic]. Id. The clerk's office treated the document as a new complaint, opened a new case—case number 17-cv-74—and assigned that new case to Judge Adelman. Id. Because the plaintiff had named Judge Adelman as a defendant, however, he recused himself. Id. at Dkt. No. 3. The case was reassigned to Judge Stadtmueller, but the plaintiff had sued Judge Stadtmueller, too, so Judge Stadtmueller had to recuse himself. Id. at Dkt. No. 4. The case was reassigned to this court on January 24, 2017.

A month later, on February 22, 2017, the plaintiff filed a motion for entry of default/summary judgment in case no. 16-cv-933. Ferguson v. State of Wisconsin, *et al.*, 16-cv-933 at dkt. no. 8; Judge Stadtmueller denied that motion in a text-only order on February 23, 2017. About forty-five days later, the plaintiff filed another motion in 16-cv-933, claiming that Judge Stadtmueller had given him the right to file an amended complaint, and that the plaintiff had done so, adding one new defendant ("Richard Nixion Administration Co-Conspirators of the Water Gate Break Ins."). Id. at dkt. no. 9. That motion alleged that Judge Griesbach had conspired to change the case number on the amended complaint to 17-cv-74, and that Judge Stadtmueller had recused himself from 17-cv-74 (which the plaintiff claimed was the same case as 16-cv-933). Id. Judge Stadtmueller denied that motion in a text-only order on April 11, 2017.

In light of these facts, the court believes that the plaintiff's Rule 59(e) motion is arguing that the clerk of court should have docketed his January 18, 2017 "supersedes" complaint as an amended complaint in case number 16-cv-933, rather than treating it as a new complaint and using it to open this case. That argument does not identify a manifest error of law for the court to correct. The clerk's office docketed the "supersedes" complaint as a new case on January 18, 2017 (case no. 17-cv-74, dkt. no. 1). Twelve days later, rather than filing a motion arguing that the complaint should have been docketed in case no. 16-cv-933, the plaintiff filed a motion in this case, asking the court to consolidate it with five closed cases dating back to 2010, arguing that all of those cases related to 16-cv-933. Dkt. No. 6. Eleven months later, the court denied that motion and dismissed this case for lack of diligence, because the plaintiff never paid the filing fee or asked for permission to proceed without prepayment of the filing fee. Dkt. No. 8.

The attachments to the plaintiff's Rule 59(e) motion do not demonstrate that this court committed a manifest error of law in dismissing this case. The attachments include an August 2, 1983 letter from Milwaukee County regarding the Estate of Caldon Ferguson (dkt. no. 10-1); a court filing and property statement regarding the Ferguson estate (id. at 3, 4); a November 21, 1983 tax claim from the City of Milwaukee (id. at 5-6); a January 19, 1982 petition for appointment of special administrator and documents relating to that filing (id. at 7-11); and a document that has an Eastern District of Wisconsin/Seventh Circuit caption with case no. 16-cv-933 titled "contents of

civil rights complaint."[1] None of these documents demonstrate that the court committed a manifest error of law or fact when it dismissed this case for failure to pay the filing fee (or ask for waiver of the filing fee). Neither the motion nor those documents contain any newly-discovered evidence that the plaintiff could not have uncovered in the exercise of due diligence.

Judge Stadtmueller dismissed the plaintiff's case back in October of 2016, because he had reviewed the claims and concluded that the plaintiff had not stated a claim for which a federal court could grant relief. Nothing that the plaintiff has filed since October 2016 has demonstrated otherwise. There is no basis for this court to amend the judgment dismissing this case.

## II. Conclusion

The court **DENIES** the plaintiff's motion to reconsider. Dkt. No. 10.

Dated in Milwaukee, Wisconsin this 8th day of June, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**

---

[1] The document labeled "contents of a civil rights complaint" has a caption for Case No. 16-cv-933 but does not resemble the complaint filed in that case.